Carl CAMERON, Plaintiff,

v.

**BAY MILLS INDIAN COMMUNITY; Jeff Parker; L. John Lufkins; Deborah Walden; Julie Timmer; and Michael Parish, jointly and severally, Defendants.**

No. 2:93–CV–200.

United States District Court, W.D. Michigan, S.D.

Jan. 25, 1994.

John H. Underhill, Sault Ste. Marie, MI, for plaintiff.

Kathryn L. Tierney, Brimley, MI, for defendants.

## *OPINION*

QUIST, District Judge.

Plaintiff Carl Cameron is a Native American and a member of the Bay Mills Indian Community. His Complaint alleges that defendants Bay Mills Indian Community, Inc. and Jeff Parker, L. John Lufkins, Julie Timmer, Michael Parish and Deborah Walden, members of the Bay Mills Tribe Executive Counsel, wrongfully discharged him from his position as lieutenant with the Bay Mills Tribal Police Department. Defendants responded with a motion to dismiss or, in the alternative, for summary judgment, on the grounds that this Court lacks jurisdiction over the subject matter of this proceeding and that plaintiff has failed to state a claim on which relief can be granted.

### *Federal Court Jurisdiction*

In the Complaint, plaintiff claims that the Court has jurisdiction pursuant to 28 U.S.C. § 1362 and 25 U.S.C. § 1301 *et seq.* He also claims that defendants consented to jurisdiction in the charter of incorporation of Bay Mills Indian Community, Inc.[1]

Section 1362 of Title 28 provides:
The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws or treaties of the United States.

Plaintiff cannot rely on this statute for federal court jurisdiction because he is an individual, not a tribe or band. *Wardle v. Northwest Inv. Co.*, 830 F.2d 118, 121 (8th Cir. 1987), *Dillon v. Montana*, 634 F.2d 463, 469 (9th Cir.1980); *Quinault Tribe of Indians v. Gallagher*, 368 F.2d 648, 656 (9th Cir.1966), *cert. denied*, 387 U.S. 907, 87 S.Ct. 1684, 18 L.Ed.2d 626 (1967).

---

1. Plaintiff originally claimed jurisdiction under 25 U.S.C. § 450 as well but conceded in his response that Section 450 does not provide jurisdiction.

■ Sections 1301 through 1341 of Title 25, which constitute the Indian Civil Rights Act, provide neither a basis for federal jurisdiction nor an implied cause of action against an Indian tribe or its officials. Indian tribes "exercise inherent sovereign authority over their members and territories," *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe,* 498 U.S. 505, 509, 111 S.Ct. 905, 909, 112 L.Ed.2d 1112 (1991), and generally possess a common law immunity from suit. *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978). Tribal immunity extends to individual tribal officials acting in their representative capacity within the scope of their authority. *Hardin v. White Mountain Apache Tribe,* 779 F.2d 476, 479 (9th Cir.1985). Federal district courts do not have jurisdiction to review the actions of tribal councils under any statute, including the Indian Civil Rights Act. Congress did not provide a private right of action in the Indian Civil Rights Act, but provided only the remedy of habeas corpus, which is not applicable here. *Santa Clara Pueblo v. Martinez,* 436 U.S. at 70, 98 S.Ct. at 1683.

Plaintiff's third claimed basis for jurisdiction is that Bay Mills Indian Community, Inc. consented to the jurisdiction of federal courts in its corporate charter, which states:

> The community, subject to any restrictions contained in the constitution and the laws of the United States, or in the constitution and by-laws of said community shall have the following corporate powers, in addition to all powers already conferred or guaranteed by the constitution and by-laws of the community....
>
>> (h) to sue and to be sued in courts of competent jurisdiction within the United States; but grant or exercise of such power to sue and to be sued shall not be deemed a consent by the said community or by the United States to the levy of any judgment, lien, or attachment upon the property of the community other than income or chattels specially pledged or assigned.

Defendants object that a consent to be sued does not create subject matter jurisdiction.

■ "[A] waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Santa Clara Pueblo,* 436 U.S. at 58, 98 S.Ct. at 1677 (quoting *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976)). In *Seneca–Cayuga Tribe v. State ex rel. Thompson,* 874 F.2d 709, 715 n. 9 (10th Cir.1989), the Court of Appeals for the Tenth Circuit presented the following analysis of "sue and be sued" clauses in the corporate charters of Indian tribes:

> The corporate charters usually include a 'sue and be sued' clause to enable the tribes to engage in commercial activity as corporations without losing their sovereign immunity as tribes. This court has held that the presence of such a clause is a tribal corporate charter does not waive the tribe's immunity as a tribe. *See Ramey Constr. Co. [v. Apache Tribe of Mescalero Reserv.],* 673 F.2d [315,] 320 [ (10th Cir. 1982) ].

As the court explained in more detail in *Ramey,* a 'sue and be sued' clause should be strictly construed to permit suit only against a tribal corporation and not against the tribe itself or tribal officials acting in their official capacity. 673 F.2d at 320. Thus, the Bay Mills corporate charter does not permit plaintiff to sue the individual defendants he has named, each of which was named in his or her official capacity as a member of the Bay Mills Tribe Executive Council.

In the instant case, plaintiff has named the tribal corporation as a defendant as well as tribal council members. There is no evidence, however, in either the Complaint or the pleadings submitted in response to defendants' motions, that the Bay Mills Indian Community, Inc. is a proper defendant in this case. Plaintiff alleges in the Complaint that he was employed by the Bay Mills Tribal Police Department, not Bay Mills Indian Community, Inc. Nothing in the pleadings shows that Bay Mills Indian Community, Inc. had any role in the employment dispute between plaintiff and the Bay Mills Tribal Police Department that gave rise to the Complaint.

■ Moreover, even if the tribal corporation rather than the tribe itself was plaintiff's

employer, there is no basis for federal court jurisdiction over the employment dispute that has arisen between plaintiff and his employer. A consent to be sued does not confer subject matter jurisdiction, no federal question is presented, and the parties are not diverse.

### CONCLUSION

For the reasons stated above, defendants' motion to dismiss is GRANTED and plaintiff's Complaint is DISMISSED for lack of jurisdiction.