ORDER AFTER GRANTING DEFENDANTS’ MOTION TO DISMISS AND/OR SUMMARY JUDGMENT AND DENYING PLAINTIFF’S MOTION TO ENFORCE WOS 2010-009, Sect. X. A
JOANNE GASCO, LTBB Chief Judge.
On February 25, 2011, Plaintiff filed a Summons and Complaint. Defendant filed an Answer to Plaintiffs Summons and Complaint. On April 11, 2011, Plaintiff filed a Motion to Enforce WOS 2010-009, Sect. X., A, Brief in Support of his Motion, Exhibits, and Proof of Service. Defendant’s attorney filed Defendants’ Answer to Plaintiffs Motion Dated April 11, 2011 along with a Proof of Service. The Court held Status Conference (Pretrial Meeting) on April 05, 2011.
On April 07, 2011, Defendants attorney filed Defendants Motion to Dismiss and/or for Summary Disposition, Defendants’ Brief in Support of Their Motion to Dis *314 miss and/or Summary Disposition, Notice of Motion Hearing scheduled for May 04, 2011, and Proof of Service. On May 04, 2011, the Court held a hearing on the motions submitted by Plaintiff and Defendant.
DEFENDANTS’ MOTION TO DISMISS AND/OR FOR SUMMARY DISPOSITION
Defendant filed a motion to dismiss on April 07, 2011. Defendants seek dismissal based on two grounds. The first ground claims that sovereign immunity applies to the employees of the Little Traverse Bay Bands of Odawa Indians (LTBB) Dental Clinic as governed in the LTBB Constitution. Second, defendants claim that plaintiffs complaint fails to state a cognizable claim upon which relief can be granted. Therefore, according to Little Traverse Bay Bands of Odawa Indians Rules of Court Procedure (LTBBRCP) XVI (b)(6), failure to state a claim upon which relief can be granted provides an additional basis for summary disposition.
Defendants claim that although Plaintiff claims that he was subject to a standard of care “far below a high standard of care” (as stated in Plaintiffs complaint), the complaint fails to specifically allege how Dr. Dzingle breached the standard of care. In addition, Plaintiff does not clearly state what injuries or damages plaintiff suffered as a direct result and proximate cause of the claimed breach.
Defendants assert that their action in this matter does not constitute a breach of any type rather each employee acted within their scope of duties. As such, the employees are immune from suit according to sovereign immunity. Sovereign Immunity is afforded to officials and employees of the Tribe when acting within the scope of their duties or authority.
SOVEREIGN IMMUNITY
Sovereign immunity is a well established area of Indian law that provides for dismissal on the premise that Indian tribes are immune from suit unless the tribe has waived sovereign immunity.
Sovereign Immunity is provided for in the LTBB Constitution, Article XVIII as stated:
“A. Tribal Immunity from Suit
The Little Traverse Bay Bands of Odawa Indians, including all subordinate entities, shall be immune from suit except to the extent that the Tribal Council clearly and expressly waives its sovereign immunity, and officials and employees of the Tribe acting within the scope of their duties or authority shall he immune from suit.
B. Suit against Officials and Employees
Officials and employees of the Little Traverse Bay Bands of Odawa Indians who act beyond the scope of their duties and authority shall be subject to suit in Tribal Court for purposes of enforcing rights and duties established by this Constitution or other applicable laws.”
LTBB’s view on sovereign immunity is not uncommon and is consistent -with sovereign immunity of Indian Tribes and their employees while performing duties in the exercise and discharge of their authority. Tenneco Oil Co. v. Sac & Fox Tribe of Indians, 725 F.2d 572, 574 (10th Cir.1984); Hardin v. White Mountain Apache Tribe, 779 F.2d 476, 478 (9th Cir.1985); Boyd v. Puyallup Tribal Police, 2009 U.S. Dist. Lexis 122715; and Lewis v. Phroper, 2008 U.S. Dist. Lexis, 103394. Cameron v. Bay Mills Indian Community, 843 F.Supp. 334 (W.D.Mich.1994). Also, LTBB Tribal Court has recognized and extended sovereign immunity to the Tribe’s casino em *315 ployees. Carey v. Espinona & Eckhom, Case No. C-062-1005.
Plaintiffs complaint involves five (5) employees of the LTBB. Plaintiff claims that each employee acted with malice or reckless indifference to Plaintiffs request for a copy of his dental record. According to Plaintiff, Dr. Dzingle, employed with the LTBB Dental Clinic, did not disclose the records, that Dr. Dzingle provided care that was far below a high standard of care (stated in Plaintiffs complaint) and then Plaintiff states that he (Plaintiff) was unhappy with the services from Dr. Jeremy (stated in Plaintiffs motion dated April 11, 2011) and was referred to another clinic. Upon review of the documents submitted to the Court, it is unclear as to what Plaintiffs allegations are against Dr. Dzingle, it appears that the professional relationship between patient and doctor deteriorated. Plaintiff has not filed documentation that showed Dr. Dzingle acted beyond his scope of authority.
Plaintiff named Maureen Gaseo, LTBB employee, in the complaint because of a phone conversation that was terminated between the two before information could be exchanged about his care at LTBB Dental Clinic (Paragraph 10 of plaintiffs complaint). In addition, Plaintiff alleges Maureen Gaseo was made aware of the history of pain with his teeth and therefore was aware of the situation (Paragraph 3 of plaintiffs complaint). Plaintiff has not filed documentation or provided a legal basis to show that Maureen Gaseo acted beyond her scope of authority.
Plaintiff named Jody Werner, LTBB employee, in the complaint because of a personal face-to-face meeting where Plaintiff was notified of the decision to refer his care to another dentist and because Jody Werner managed the release of his patient records in January 2011 (Paragraph 10 of plaintiff’s complaint). Further, Plaintiff claims that Jody Werner used the Public Documents Act as a reason for not releasing his dental records (Paragraph 15 of plaintiffs complaint). It appears that some time lapsed between the request for records and when Plaintiff actually received his dental records. From the complaint and exhibits, once the request for records was received, multiple levels of administration reviewed the request to ensure release of records were proper, including the legal department. Plaintiff also followed procedure and contacted the LTBB Administrator about his unhappiness with the process. Plaintiff received a response but then chose to file the complaint in LTBB Tribal Court. Plaintiff has not filed documentation or provided a legal basis that shows Jody Werner acted beyond her scope of authority.
Plaintiff named Sharon Sierzputowski, LTBB employee, in the complaint because she acknowledged his patient records were available but he would need to pick them up and could not be mailed because of cost (Paragraph 15 of plaintiffs complaint). Although Plaintiff is unhappy with the response of Sharon Sierzputowski, Plaintiff has not filed documentation or provided a legal basis to show that Sharon Sierzpu-towski acted beyond her scope of authority-
Plaintiff named Carol Field, LTBB employee, in the complaint because Carol Field sent some personal information on other patients in his file and that shows his privacy is not being maintained (Paragraph 15 of plaintiffs complaint). The employee may have erred by providing information on other patients of the dental clinic but Plaintiff has not filed documentation or provided a legal basis to show that Carol Field acted beyond her scope of authority.
Plaintiff did not file a response to Defendant’s Motion to Dismiss and/or Summary *316 Disposition but instead filed a Plaintiffs Motion to Enforce WOS 2010-009 Sec. X. A on April 11, 2011.
PLAINTIFFS MOTION TO ENFORCE WOS 2010-009 SEC. X. A.
Plaintiff, in his motion, requests this Court to enforce WOS 2010-009 Sec. X. A., commonly referred to as the Public Document Disclosure Act, based on Article XVIII B. of the LTBB Constitution. Plaintiff seeks to recover damages including inconvenience and mental anguish in the amount $500.00 from the named employees for acting with malice or reckless indifference in response to the Plaintiffs written request for copies of his dental records.
Plaintiff claims that on January 10, 2011, Plaintiff submitted a written request for records to the LTBB Dental Clinic. Plaintiff claims that Dr. Jeremy, Jody Werner, and Sharon Sierzputowski, are the appropriate persons who have authority to approve request for records within the LTBB Dental Clinic. Plaintiff contacted the clinic on February 7, 2011 and February 23, 2011 and spoke with Jody Werner and Sharon Sierzputowski. Plaintiff received a copy of dental records on February 24, 2011. Plaintiff contends that because he did not receive his dental records until February 24, 2011 that it shows the employees were acting with malice or with reckless indifference to Plaintiff.
Defendants’ attorney responds that WOS 2010-009 does not apply because medical records are exempt from the act according to Section VI A which provides exemption to medical records and similar records that constitute a clearly unwarranted invasion of individuals’ privacy or other documents that contain personal information. In addition, Defendants suggest that even if the statute applied it would not apply to Plaintiff because he is not a tribal citizen as defined in the statute. Plaintiff is not an enrolled citizen of the Little Traverse Bay Bands of Odawa Indians. Defendants further argue that even if the statute applied that any charge of violation must be filed with the tribal court within thirty (30) days of the alleged violation, according to Section XI of WOS 2010-009.
Defendant requests attorney fees and cost as LTBBRCP Section 4 provides for an award of attorney fees when the case has been prosecuted in bad faith for purposes of harassment only or as such other times as the court deems appropriate in its discretion.
The issue of Article XVIII Sovereign Immunity has been addressed in Defendants’ Motion to Dismiss and/or Summary Disposition in the previous section therefore the Court will not address that specific issue but will review Plaintiffs Motion to Enforce WOS 2010-009. Plaintiff is not represented by an attorney in this matter. Plaintiff has read and followed to the best of ability the LTBBRCP. One could view Plaintiffs Motion as an answer to Defendants’ Motion to Dismiss since Plaintiff requests the Court to enforce the statute based on sovereign immunity but under the premise that Defendants’ acted beyond their scope of authority and therefore are not immune from suit. The Court has already in the previous section stated that based on the complaint submitted and documentation (exhibits) in the record, the Court did not find that any of the named LTBB employees acted beyond their scope of authority. Therefore, there is no need to do any further analysis on Plaintiffs motion.
Although Defendants’ attorney request an award of attorney fees and cost in this matter, the Court recognizes that Plaintiff is not represented by an attorney and *317 responded to the motions to the best of his ability. Therefore, the Court will not find Plaintiff acted in bad faith and cost and attorney fees are denied. One of LTBB Tribal Court’s purposes is to ensure a fair and accessible forum for those persons who choose to use the legal system to address their issues. Although not everyone will agree with the outcome of their case, the Court has the discretion to disregard any technical error or defect or failure to comply with the LTBBRCP which does not affect the substantive rights of the parties, particularly those parties not represented by professional attorneys.
WHEREFORE, FOR THE REASONS STATED ABOVE, IT IS HEREBY ORDERED:
1. Grant Defendants’ Motion to Dismiss and/or Summary Disposition.
2. Deny Defendants’ request for costs and attorney fees.
3. Deny Plaintiffs Motion to Enforce WOS 2010-009 Section X, A.
4. This case is hereby dismissed.